[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2010
JOHN LEY
CLERK

_____

No. 09-10466

_____

D. C. Docket No. 08-00028-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

EULADIO SANTIAGO, JR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 2, 2010)

Before CARNES, HULL and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

This case presents the question of whether a guilty plea followed by a

sentence of probation and a withholding of adjudication qualifies under Florida law

as a predicate conviction for the purpose of enhancing a defendant's sentence under

the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Defendant Euladio Santiago, Jr. pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The government argued that Santiago had three prior felony convictions, mandating an enhanced sentence under the ACCA. At sentencing, the district court found that one of Santiago's prior offenses was not a predicate conviction for enhancing his sentence under the ACCA because Santiago pleaded guilty to the offense, adjudication was withheld, and Santiago successfully completed his sentence of probation before committing the instant offense.

We hold that a guilty plea followed by a sentence of probation and a withholding of adjudication qualifies under Florida law as a predicate conviction for the purpose of enhancing a defendant's sentence under the ACCA. Thus, the district court erred in finding that Santiago did not have three qualifying convictions under the ACCA.

I.

On October 6, 2008, Defendant Euladio Santiago, Jr. ("Santiago") pleaded guilty to possession with intent to distribute less than fifty kilograms of cocaine, in violation of 21 U.S.C. § 841(b)(1)(D), and to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). His Presentence Investigation

Report ("PSR") listed three prior felony drug offenses. On October 22, 2001, Santiago was sentenced in the Orange County Circuit Court, Orlando, Florida, for possession of cocaine with intent to sell or deliver. Santiago pleaded guilty to the charge. The court withheld adjudication and sentenced Santiago to one day in jail, with credit for one day of time served, and one year of probation, which Santiago successfully completed. On August 29, 2005, Santiago was sentenced in the Orange County Circuit Court, Orlando, Florida, for delivery of cocaine. Santiago pleaded guilty to the charge, and the court adjudicated him guilty. On May 4, 2006, Santiago was sentenced in the Seminole County Circuit Court, Sanford, Florida, for possession of cocaine with intent to sell or deliver. Santiago pleaded guilty to the charge, and the court adjudicated him guilty.

Based on those offenses, the PSR recommended that he be sentenced as an armed career criminal, which carries a mandatory fifteen year minimum sentence, pursuant to 18 U.S.C. § 924(e). Santiago objected, contending that the 2001 offense did not qualify as a prior conviction under the ACCA because he completed his probation and was not adjudicated guilty by the sentencing court.[1] The government countered that in light of this Court's decisions in United States v.

---

[1] Santiago concedes that the 2005 and 2006 offenses qualify as prior convictions for purposes of the ACCA.

Orellanes, 809 F.2d 1526 (11th Cir. 1987), United States v. Grinkiewicz, 873 F.2d 253 (11th Cir. 1989) (per curiam), and United States v. Chubbuck, 252 F.3d 1300 (11th Cir. 2001), Santiago's guilty plea to the 2001 offense constituted a qualifying conviction for ACCA purposes, even if he was never adjudicated guilty. The district court found those cases were not controlling and held that the 2001 offense did not constitute a qualifying conviction because adjudication was withheld and Santiago completed his probation before he committed the instant offenses. Therefore, the district court declined to sentence Santiago as an armed career criminal, and instead imposed a sentence of 94 months' imprisonment. The government timely appealed.

## II.

Questions of statutory interpretation are subject to de novo review. United States v. Cobia, 41 F.3d 1473, 1475 (11th Cir. 1995).

Ordinarily, a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1)[2] is subject to a ten year maximum sentence. 18 U.S.C. § 924(a)(2). When such a defendant also "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from

---

[2] Section 922(g)(1) prohibits the possession of a firearm by anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (2000).

4

one another," the ACCA imposes a mandatory fifteen year minimum sentence.  18

U.S.C. § 924(e)(1) (2000).  Whether an offense constitutes a violent felony or a

serious drug offense is a question of federal law.[3]  United States v. James, 430 F.3d

1150, 1154 (11th Cir. 2005).  Federal law, however, does not control what

constitutes a conviction for purposes of the ACCA.  Instead, "[w]hat constitutes a

conviction of such a crime shall be determined in accordance with the law of the

jurisdiction in which the proceedings were held."  18 U.S.C. § 921(a)(20).

In prior cases, we have addressed the question of whether a guilty plea and a

withholding of adjudication constitutes a predicate conviction for a violation of 18

U.S.C. § 922(g).  In United States v. Orellanes, 809 F.2d 1526, 1527 (11th Cir.

1987), the defendant Orellanes was charged with receipt of a firearm by a

convicted felon after purchasing firearms and ammunition on several occasions

between January 1982 and September 1985.  His status as a convicted felon was

based on a negotiated guilty plea to two felonies in Florida state court in July 1981.

Id.  Orellanes argued that because adjudication was withheld following his plea, he

was not a convicted felon for the purpose of the felon-in-possession charge.  Id. at

1528.  After consulting Florida law, we held that "'the term "conviction" means

---

[3] We note that Santiago does not dispute that the 2001 offense constitutes a "serious drug offense" for purposes of the ACCA.  Thus, the only question before us is whether his guilty plea followed by a sentence of probation and a withholding of adjudication counts as a "conviction."

determination of guilty by verdict of the jury or by plea of guilty, and does not require adjudication by the court.'" Id. (quoting State v. Gazda, 257 So. 2d 242, 243-44 (Fla. 1971)). In United States v. Grinkiewicz, 873 F.2d 253, 254 (11th Cir. 1989) (per curiam), the defendant also argued that because adjudication was withheld on his prior felony offense in a Florida state court, he was not a convicted felon for the purpose of a felon-in-possession charge under 18 U.S.C. § 922(g)(1). In response to that argument, we reaffirmed our holding from Orellanes that under Florida law a person is considered a convicted felon after a guilty plea and withheld adjudication. Id. at 255. The question of whether a guilty plea and withheld adjudication is a conviction for purposes of a felon-in-possession charge came before us yet once more in United States v. Chubbuck, 252 F.3d 1300 (11th Cir. 2001). There, we recognized the holdings of Orellanes and Grinkiewicz, id. at 1303; however, we also noted that our analysis in Orellanes may not have fully accounted for the context specific nature of the term "conviction" under Florida law, id. at 1304. Thus, we turned to Florida law surrounding Florida's unlawful possession of a firearm by a felon statute, Fla. Stat. Ann. § 790.23. Although the case law raised some concern that "perhaps our interpretation of Florida law was either in error or has since changed," we found no definitive authority from the Florida Supreme Court contradicting Orellanes or Grinkiewicz. Id. at 1305.

6

Operating under plain error review, we held that the district court did not plainly err when it accepted Chubbuck's guilty plea to the felon-in-possession charge. Id. at 1306.

This case, however, does not present the question of whether Santiago was "convicted" of the 2001 offense for the purpose of supporting a charge under 18 U.S.C. § 922(g)(1) – i.e., for the purpose of determining whether Santiago is a convicted felon. Santiago concedes that his 2005 and 2006 convictions are predicate convictions for a § 922(g)(1) violation, amply establishing Santiago's status as a convicted felon. Indeed, Santiago pleaded guilty to the instant charge that he possessed a firearm in violation of 18 U.S.C. § 922(g), the felon-in-possession statute. The question in this case is instead whether Santiago was "convicted" of the 2001 offense such that his sentence must be enhanced under 18 U.S.C. § 924(e). Because Orellanes, Grinkiewicz, and Chubbuck did not address the question of what constitutes a conviction for the purpose of enhancing a sentence under the ACCA, those holdings do not control the question before us.[4] Following the directive of § 921(a)(20), we therefore turn anew to Florida law.

---

[4] Because in this case we do not face the issue in Orellanes, Grinkiewicz, and Chubbuck, we need not address Santiago's argument that more recent Florida cases have eroded the holding of our cases concerning the precise contours of Florida law as to what constitutes a conviction for purposes of establishing a person's status as a convicted felon in the felon-in-possession statute.

As we noted in <u>Chubbuck</u>, the definition of "conviction" under Florida law is fluid and context specific.  <u>Chubbuck</u>, 252 F.3d at 1304.  <u>See Raulerson v. State</u>, 763 So. 2d 285, 291 (Fla. 2000) (per curiam) ("[T]he term 'conviction' as used in Florida law has been a 'chameleon-like' term that has drawn its meaning from the particular statutory context in which the term is used." (quoting <u>State v. Keirn</u>, 720 So.2d 1085, 1086 (Fla. 4th DCA 1998))).  Given that the definition of the term "conviction" is context specific, we must initially determine the appropriate Florida law context for this case.  Because 18 U.S.C. § 924(e) is a sentence enhancement provision, <u>United States v. Sweeting</u>, 933 F.2d 962, 967 (11th Cir. 1991), we believe the appropriate source of law in this situation is Florida law concerning sentencing enhancements for habitual felony offenders, Fla. Stat. Ann. § 775.084.  <u>See</u> <u>United States v. Jefferson</u>, 88 F.3d 240, 243-45 (3d Cir. 1996) (relying on Pennsylvania and New Jersey law concerning sentencing enhancements when determining definition of "conviction" for purpose of enhancing defendant's sentence under 18 U.S.C. § 924(e)); <u>cf.</u> <u>Chubbuck</u>, 252 F.3d at 1304 (suggesting that law concerning Florida's unlawful possession of a firearm by a felon statute is appropriate source for definition of "conviction" for purpose of a violation of the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1)).

Accordingly, we turn to Florida law concerning sentencing enhancements for

habitual felony offenders.  The Florida law in this regard is clear.

> For the purposes of this section,[5] the placing of a person on probation or community control without an adjudication of guilty shall be treated as a prior conviction.

Fla. Stat. Ann. § 775.084(2) (West 2005 & Supp. 2010).  Thus, it is clear that, in the appropriate context of Florida's treatment of prior convictions for purposes of enhancing the sentence of a violent career criminal or habitual felony offender, Florida law would treat a prior guilty plea followed by a sentence of probation as a prior conviction without regard to whether or not adjudication was withheld.

In Franklin v. State, 887 So. 2d 1063, 1068 (Fla. 2004), the Florida Supreme Court distinguished the current version of Fla. Stat. § 775.084 from the previous version under which "an offense for which adjudication of guilt had been withheld would not have qualified as a predicate for habitual offender sentencing unless the subsequent offenses [sic] pending for sentencing was committed while the offender was on probation or community control after the withhold of adjudication."  The comparison drawn by the Florida Supreme Court reinforces the plain meaning drawn from the text of the statute.  The statute recognizes no exception for the completion of probation before the commission of the offense for

---

[5] Section 775.084 is titled: "Violent career criminals; habitual felony offenders and habitual violent felony offenders; three-time violent felony offenders; definitions; procedure; enhanced penalties or mandatory minimum prison terms."

which the defendant is to be sentenced as an habitual felony offender. Indeed, Santiago concedes that the 2001 offense would be counted as a conviction for enhancement purposes under Florida law. Therefore, we now hold that a guilty plea followed by a sentence of probation and a withholding of adjudication constitutes a conviction under Florida law for the purpose of enhancing a defendant's sentence pursuant to 18 U.S.C. § 924(e), and that successful completion of probation on the Florida offense for which adjudication was withheld is immaterial to whether that offense can be used to enhance a defendant's sentence under the ACCA.

Santiago makes an interesting, and superficially appealing, argument against the foregoing interpretation. Santiago notes that 18 U.S.C. § 924(e)(1) provides: "In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) for a violent felony or a serious drug offense," such person shall receive an enhanced sentence including a mandatory minimum sentence of fifteen years. Santiago argues that the reference to "convictions . . . referred to in § 922(g)(1)" incorporates the context of a § 922(g)(1) conviction – namely, a conviction that disqualifies a person from possessing a firearm, and thereby makes it unlawful under § 922(g)(1) for such a

person to possess a firearm.  We reject Santiago's interpretation.[6]

We conclude that Santiago's interpretation is strained.  Section 924(e) clearly constitutes an enhancement context.  When § 924(e) uses the phrase "previous convictions . . . referred to in § 922(g)(1)," we do not believe Congress intended to incorporate peculiar state law in an entirely different context (i.e., the different context of whether a prior conviction renders a person a felon for a felon-in-possession offense).  A more natural and reasonable reading of the statute would interpret the phrase – "convictions . . . referred to in § 922(g)(1)" – as incorporating merely the language of § 922(g)(1) – "convicted in any court, of a crime punishable by imprisonment for a term exceeding one year" – which language in turn incorporates the definition of those precise words as set out in § 921(a)(20).  And, as noted above, § 921(a)(20) looks to the relevant state law to determinate what constitutes a conviction, which state law, in the case of Florida, varies with the context.  Not only is this construction of § 924(e) more natural grammatically, it comports with the common sense notion that the context of the state law to which we look to ascertain the meaning of the "three previous

_____

[6] Santiago assumes that the phrase "referred to in § 922(g)(1)" refers to "convictions" rather than to the immediately preceding term "by any court."  We need not decide that issue.  If the phrase modified "by any court," Santiago's argument could be rejected summarily.  Thus, we assume arguendo, only for discussion of Santiago's argument, that the phrase "referred to in § 922(g)(1)" modifies the word "convictions."

11

convictions" in § 924(e) should match the context of § 924(e) itself – i.e., an enhancement context. Accordingly, we reject Santiago's preferred interpretation, and hold that the relevant state law to which we should look for guidance in determining what constitutes a conviction with respect to the 2001 prior Florida guilty plea in this case is the Florida law in the enhancement context – i.e., the Florida law concerning enhancement for habitual felony offenders. As noted above, the Florida habitual felony offender laws clearly provide that placing a person on probation without an adjudication of guilt shall be treated as a prior conviction for purposes of enhancing the sentence of a habitual felony offender.

Not only does our holding in this regard comport with common sense, it is consistent with the only federal circuit court opinion to have addressed the issue. In United States v. Jefferson, 88 F.3d 240 (3d Cir. 1996), the Third Circuit construed 18 U.S.C. § 924(e) as we do today. The issue before the court was whether a previous Pennsylvania guilty plea and a previous New Jersey guilty plea constituted "convictions" for purposes of § 924(e) even though the charged offense the sentence for which was being enhanced occurred before sentencing in the two previous offenses. Although the determination of whether the prior offense constituted a conviction differed depending upon the context, the Third Circuit looked to the state law in the enhancement context to determine whether

the previous guilty pleas constituted convictions for purposes of § 924(e). Id. at 243-44. With respect to both previous convictions, the state law in an enhancement context would treat the guilty pleas as a conviction even though sentencing had not yet occurred. Accordingly, the Third Circuit counted those previous convictions and enhanced the sentence for the instant offense pursuant to § 924(e).[7] Id. at 245.

III.

Looking to Florida law in the appropriate enhancement context, Santiago's guilty plea followed by a sentence of probation and a withholding of adjudication on the 2001 Florida offense constitutes a conviction for the purpose of enhancing

---

[7] We do not think United States v. Drayton, 113 F.3d 1191 (11th Cir. 1997) (per curiam), indicates a different result. It is true that Drayton did involve the enhancement context – i.e., the determination of whether a prior conviction qualified as a conviction for purposes of § 924(e). It is also true that the opinion discussed United States v. Willis, 106 F.3d 966 (11th Cir. 1997). In the context of determining whether Willis was a felon for purposes of § 922(g) (the federal felon-in-possession statute), Willis held that a previous Florida plea of nolo contendere followed by a withholding of adjudication was not a prior conviction rendering Willis a felon. Id. at 970. In Drayton, the panel was addressing the defendant's argument that Willis meant that Drayton's prior Florida nolo contendere pleas could not be counted as prior convictions. Drayton, 113 F.3d at 1192. The panel distinguished Willis because Drayton's nolo pleas had been followed by adjudications of guilt. Id. at 1193. Thus "Willis [was] of no benefit to [Drayton]." Id. We conclude that the panel in Drayton merely rejected Drayton's argument based on Willis. The panel did not discuss the fact that Willis was decided in the context of determining whether Willis was a felon at all, and not in the different enhancement context of the Drayton case. Apparently, no argument was made to the Drayton panel that the context might be significant, or that the Florida law might vary with the context. We are satisfied that Drayton made no holding that § 924(e) determinations should be guided by the Florida law as to what constitutes a conviction for purposes of rendering a person a felon, rather than the more appropriate enhancement context matching the enhancement context of § 924(e).

13

his sentence under the ACCA. Therefore, it was error for the district court not to count Santiago's 2001 offense as a qualifying conviction for the purpose of enhancing his sentence pursuant to 18 U.S.C. § 924(e). The sentence imposed by the district court is vacated, and the case remanded for sentencing consistent with this opinion.

VACATED AND REMANDED.