[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13452
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20046-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MURRAY,
a.k.a. Jigga,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2015)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

James Murray appeals his conviction and 187-month sentence for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## I.

On appeal, Murray first argues that the affidavits in support of the arrest and search warrants contained material omissions of fact critical to the findings of probable cause, and the evidence obtained therefrom, including Murray's statements, should have been suppressed.  He argues the district court erred in denying his motion to suppress and his request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978).

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error, and its application of the law to those facts de novo.  *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).  "Further, when considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party below."  *Id.*  We review de novo whether a search warrant affidavit established probable cause, and "we give due weight to inferences drawn from the facts by resident judges and local law enforcement officers."  *United States v. Mathis*, 767 F.3d 1264, 1274–75 (11th Cir. 2014) (per curiam) (internal quotation marks omitted), *cert. denied*, 135 S. Ct. 1448 (2015).  We generally review a district

court's denial of a *Franks* hearing for abuse of discretion.  *See United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1883 (2015).

"To obtain a warrant, police must establish probable cause to conclude that there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *United States v. Gibson*, 708 F.3d 1256, 1278 (11th Cir.) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 342 (2013).  An affidavit in support of a warrant "should establish a connection between the defendant and the property to be searched and a link between the property and any criminal activity."  *Mathis*, 767 F.3d at 1276 (internal quotation marks omitted).

Affidavits submitted in support of search warrants are presumptively valid. *Franks*, 438 U.S. at 171, 98 S. Ct. at 2684.  A search warrant may be voided and the fruits of the search excluded if the search warrant affidavit contained a false statement made knowingly and intentionally or with reckless disregard for the truth.  *Id.* at 155–56, 98 S. Ct. at 2676.  Nevertheless, even intentionally false or recklessly misleading omissions in the affidavit "will invalidate a warrant only if inclusion of the omitted facts would have prevented a finding of probable cause." *Mathis*, 767 F.3d at 1275 (internal quotation marks omitted).

"A *Franks* hearing is warranted where a defendant makes a substantial preliminary showing that an affiant made intentionally false or recklessly

misleading statements (or omissions), and those statements are necessary to the finding of probable cause." *Barsoum*, 763 F.3d at 1328 (internal quotation marks omitted). "When assessing whether the alleged false statements and omissions were material, the trial court is to disregard those portions of the affidavit which the defendant has shown are arguably false and misleading." *Id.* at 1328–29 (internal quotation marks omitted). "The defendant bears the burden of showing that, absent those misrepresentations or omissions, probable cause would have been lacking." *Id.* at 1329 (internal quotation marks omitted). Moreover, we have held that when a "magistrate judge undertook the evaluation prescribed by *Franks* and considered the affidavit with the omissions and additions proposed by [the d]efendant," the trial court did not err in declining to hold a *Franks* hearing. *See United States v. Kapordelis*, 569 F.3d 1291, 1309–1310 (11th Cir. 2009).

Here, the district court did not err in denying Murray's motion to suppress and did not abuse its discretion in denying a *Franks* hearing. Even if the factual omissions in the affidavits supporting Murray's search and arrest warrants were knowing and intentional or in reckless disregard of the truth, their inclusion would not have prevented a finding of probable cause. *See Mathis*, 767 F.3d at 1275; *Barsoum*, 763 F.3d at 1328. Murray does not deny that the victim identified his shooter as "Jay," which was a nickname of Murray, and identified Murray from a photographic lineup. Murray does not deny that the officer heard that Murray was

located at the apartment to be searched.  These conceded facts established a fair probability that evidence would be found at the apartment, *see Gibson*, 708 F.3d at 1278, and that Murray was connected to the apartment, *see Mathis*, 767 F.3d at 1276.  Moreover, the district court considered the omitted facts at the hearing on Murray's motion to suppress, and found that there was still probable cause.  *See Kapordelis*, 569 F.3d at 1309–1310.  Finally, Murray does not deny that there was another active warrant for his arrest in connection with the December shooting authorizing officers to arrest him.  Accordingly, we affirm the district court's denial of Murray's motion to suppress and of a *Franks* hearing despite the factual omissions contained in the affidavits supporting Murray's arrest and search warrants.

## II.

Second, Murray argues that his post-arrest statements should be suppressed as involuntary because medical attention was withheld from him.  By knowingly and voluntarily entering a guilty plea, a defendant waives the right to appeal nonjurisdictional challenges that he did not explicitly preserve.  *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).  Because Murray pled guilty to possessing firearms and ammunition as a convicted felon, and he did not preserve the involuntariness argument, he has waived the right to raise this argument on appeal.  *See id.*

III.

Third, Murray argues that the district court abused its discretion by imposing a minimum 15-year imprisonment term pursuant to the Armed Career Criminal Act (ACCA) because the characterizations of Murray's prior offenses as a "violent felony" and as "serious drug offenses" were not charged by the grand jury in its indictment, found by a jury at trial, or admitted in his plea.

We review constitutional challenges to a sentence de novo.  *United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir. 2005).  A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction.  *Cunningham*, 161 F.3d at 1344.

The ACCA, 18 U.S.C. § 924(e), and its corresponding sentencing guideline, U.S.S.G. § 4B1.4, provide that anyone convicted of an offense under 18 U.S.C. § 922(g) who has three previous convictions for a "violent felony" or a "serious drug offense" is subject to a 15-year mandatory minimum sentence.  § 924(e)(1).

Generally, any fact that increases either the statutory maximum or statutory minimum sentence is an element of the crime that must be submitted to a jury and proved beyond a reasonable doubt.  *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000); *Alleyne v. United States*, 570 U.S. ___, ___, 133 S. Ct. 2151, 2163–64 (2013).  However, the fact of a prior conviction is not an element of the crime and does not need to be alleged in the indictment or proven

beyond a reasonable doubt.  *Almendarez-Torres v. United States*, 523 U.S. 224, 243–44, 247, 118 S. Ct. 1219, 1231, 1233 (1998); *United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014).  Furthermore, district courts may make findings regarding the violent nature of a prior conviction for ACCA purposes.  *United States v. Day*, 465 F.3d 1262, 1264–65 (11th Cir. 2006) (per curiam).

Having pled guilty to the underlying charge without expressly reserving the right to raise an *Apprendi* challenge on appeal, Murray has waived this challenge.  *See Cunningham*, 161 F.3d at 1344; *United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001) (per curiam).  Even if Murray did not waive his right to raise an *Apprendi* challenge on appeal, it fails.  The district court was allowed to determine whether Murray's prior convictions qualified as ACCA predicates, as they were not elements of the offenses.  *See Day*, 465 F.3d at 1264–65.  Accordingly, we affirm the district court's enhanced sentence based on its characterization of Murray's prior offenses as a violent felony and serious drug offenses.

## IV.

Fourth, Murray argues that his conviction in Florida state court, where he received a withhold of adjudication and a sentence of 120 days jail for possession of cocaine with intent to sell or deliver, was illegal under Florida law such that it cannot be used as a predicate conviction for the ACCA enhancement.

We review de novo whether a prior conviction qualifies as a "serious drug offense" under the ACCA. *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009) (per curiam). Under the ACCA, "a person who violates [§] 922(g) and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," shall be imprisoned not less than 15 years. 18 U.S.C. § 924(e)(1). For the purposes of § 924(e), a "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).

Under Florida law, possession of cocaine with intent to sell is a second degree felony punishable by up to 15 years' imprisonment. *See* Fla. Stat. §§ 775.082(3)(d), 893.03(2)(a), 893.13(1)(a). A conviction under § 893.13(1), which includes possession with intent to sell cocaine, qualifies as a "serious drug offense" under § 924(e)(2)(A). *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2827 (2015).

A defendant's guilty plea in Florida state court, even where adjudication has been withheld, is a conviction for the purpose of enhancing a sentence under the ACCA. *See United States v. Santiago*, 601 F.3d 1241, 1246–47 (11th Cir. 2010).

8

Under Florida law, a judge may, where allowed by law, withhold an adjudication of guilt if the judge places the defendant on probation. Fla. R. Crim. P. 3.670. One intermediate Florida court has held that, under Florida law, adjudication cannot be withheld if a jail term is imposed. *State v. Seward*, 543 So. 2d 398, 399 (Fla. Dist. Ct. App. 1989) (per curiam).

With the sole exception of convictions obtained in violation of the right to counsel, a defendant has no right to challenge the validity of previous state convictions in his federal sentencing proceeding when such convictions are used to enhance his sentence under the ACCA. *Custis v. United States*, 511 U.S. 485, 487, 114 S. Ct. 1732, 1734 (1994).

Here, the district court did not err in using Murray's prior conviction under Florida law for possession of cocaine with intent to sell or deliver as a predicate ACCA conviction. Murray's prior conviction qualified as a "serious drug offense" under the ACCA. *See Smith*, 775 F.3d at 1268. Murray pled guilty and his adjudication was withheld; therefore, the conviction qualifies as a conviction for purposes of enhancing Murray's sentence under the ACCA even if adjudication was withheld. *See Santiago*, 601 F.3d at 1247. Although Murray's prison sentence, if accompanied by a withhold of adjudication, may have been illegal, *see* Fla. R. Crim. P. 3.670, that would only affect his sentence, not his conviction. Whether a prior conviction counts as an ACCA predicate depends on the

punishment prescribed by law, not the punishment actually administered. *See* 18 U.S.C. § 924(e)(2)(A). Furthermore, Murray has no right to challenge the validity of his previous state convictions used to enhance his sentence under the ACCA. *See Custis*, 511 U.S. at 487, 114 S. Ct. at 1732. Accordingly, we affirm the district court's enhancement based on Murray's prior convictions for "serious drug offenses" under the ACCA.

## V.

Murray finally argues that his prior Florida conviction for battery on a law enforcement officer does not qualify as a violent felony under the ACCA's residual clause. Murray also argues that the ACCA's residual clause is unconstitutionally vague because it does not give persons of ordinary intelligence fair notice of its reach, and should therefore not be consulted for sentencing purposes.

We review de novo whether a particular conviction is a violent felony for purposes of the ACCA. *United States v. Kirk*, 767 F.3d 1136, 1138 (11th Cir. 2014) (per curiam), *vacated on other grounds*, 135 S. Ct. 2941 (2015) (mem.).

The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18

10

U.S.C. § 924(e)(2)(B) (emphasis added).  The Supreme Court recently struck down the italicized clause, known as the residual clause, in *Johnson v. United States*, as a violation of the Fifth Amendment's guarantee of due process.  *See* 576 U.S. ___, ___, 135 S. Ct. 2551, 2557 (2015).  Accordingly, the district court's categorization of the battery on a law enforcement officer offense as a violent felony was constitutional error.

However, we will not reverse a conviction where the error below was harmless beyond a reasonable doubt.  *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam).  The error here was harmless even without the battery on a law enforcement officer offense counting against Murray because he qualified for ACCA enhancement based on his three serious drug offenses.

**AFFIRMED.**

11