[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10679
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20328-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY BRIAN JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 13, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Anthony Brian Jones appeals his conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), and his sentence enhancement under 18 U.S.C. § 924(e)(1).  Jones asserts three issues on appeal, which we address in turn.  After review, we affirm Jones' conviction and sentence.

## I.  DISCUSSION

### A.  *Motion to Suppress*

Jones asserts the district court erred when it denied his motion to suppress after finding the arresting officers had reasonable suspicion to stop him.  Jones contends it was improper for the Government to rely on a flyer to establish reasonable suspicion, because it failed to present evidence demonstrating the flyer itself was issued based on reasonable suspicion.  Jones asserts he did not take any actions that would cause the officers to stop him, and he did not match the description contained in the flyer.

In *United States v. Hensley*, the Supreme Court determined that police can rely on wanted flyers to justify a stop of a person to check identification, pose questions, or detain the person briefly, as long as the flyer itself was issued based on articulable facts supporting reasonable suspicion that the wanted person committed an offense.  469 U.S. 221, 232–33 (1985).

The district court did not err when it denied the motion to suppress, because under the totality of the circumstances, there was reasonable suspicion to stop

2

Jones.  *See United States v. Ramirez*, 476 F.3d 1231, 1235–36 (11th Cir. 2007) (stating in reviewing a district court's denial of a motion to suppress, we review the court's findings of fact for clear error and application of laws to those facts *de novo*); *United States v. Griffin*, 696 F.3d 1354, 1359 (11th Cir. 2012) (providing we evaluate the totality of the circumstances to determine whether reasonable suspicion existed).  Even assuming the flyer did not comport with *Hensley*, the district court did not err in concluding other circumstances created reasonable suspicion.  First, Jones fled immediately when Officer Coto exited the unmarked vehicle.  Such flight created an "ambiguity" that justified the officers' pursuit and eventual stop of Jones.  *See United States v. Franklin*, 323 F.3d 1298, 1302 (11th Cir. 2003) (providing flight creates an ambiguity regarding the innocence of the fleeing person, and as such, officers may stop the person to resolve that ambiguity).  Further, Officer Coto testified the area the officers were patrolling was a high-crime area.  While evidence Jones was in a high–crime area would not be enough, on its own, to create reasonable suspicion, the flight coupled with Jones' presence in the high-crime area was sufficient to create reasonable suspicion.  *See Illinois v. Wardlow*, 528 U.S. 119, 124–25 (2000).  Additionally, although Jones argued he did not realize the police were after him and he ran because he thought his life was in danger, the court did not commit clear error by determining those facts were irrelevant.  Even if Jones did not realize he was being

3

pursued by the police immediately, Officer Coto made his presence known by yelling "police, stop," and he witnessed Jones discard the gun.  Thus, viewing the record as a whole and construing the court's factual findings in the light most favorable to the Government, such facts are sufficient to conclude that, under the circumstances, the officers had reasonable suspicion to stop Jones.  *United States v. Newsome*, 475 F.3d 1221, 1224 (11th Cir. 2007) (holding we may review the entire record when reviewing the denial of a motion to suppress).  Accordingly, the court did not err in denying the motion to suppress.

*B.*  Brady *violation*

Jones argues the Government committed a reversible *Brady* violation by failing to disclose impeachment material regarding Sergeant Tate—the officer who was driving the police vehicle—before the suppression hearing.  Specifically, Jones contends the Government was required to turn over information from a state-level investigation about Tate's involvement in a police shooting.

In *Brady*, the U.S. Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment."  *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  To establish a *Brady* violation, a defendant must show that: (1) the government possessed evidence favorable to the defendant, including impeachment evidence; (2) the defendant did not possess the evidence, nor could

he obtain it himself with any reasonable diligence; (3) the government suppressed the evidence; and (4) had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. *United States v. Hansen*, 262 F.3d 1217, 1234 (11th Cir. 2001).  A "reasonable probability" of a different result is shown when the suppression of the evidence "undermines confidence in the outcome" of the case.  *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

A review of the record shows the Government did not commit a reversible *Brady* violation.[1]  *See United States v. Schlei*, 122 F.3d 944, 989 (11th Cir. 1997) (reviewing an alleged *Brady* violation *de novo*).  Even if Jones has shown (1) the Government possessed impeachment evidence about Sergeant Tate that would be favorable to his case, (2) he could not obtain the information about the state-level investigation with reasonable diligence, and (3) the Government suppressed the evidence, his *Brady* claim is unavailing because he cannot demonstrate a reasonable probability the outcome of his proceedings would have been different if

---

[1]  Jones does not demonstrate the cumulative impact of denying his request for information regarding Sergeant Tate and the court's refusal to submit news articles into evidence resulted in a reversible *Brady* violation.  *Kyles*, 514 U.S. at 421.  First, the articles were not denied as part of a request for *Brady* information, but were instead denied on relevance grounds. Moreover, Jones does not present arguments in his brief showing the court abused its discretion by not admitting the articles, and the court was within its discretion to deny the evidence of national news articles as irrelevant to this case.  *Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1349 n.7 (11th Cir. 2007) (reviewing a court's evidentiary rulings for abuse of discretion); Fed. R. Evid. 401, 402.  Thus, no reversible *Brady* violation occurred in this respect either.

the Government had disclosed the impeachment evidence.  *See Hansen*, 262 F.3d at 1234.  First, a review of the record shows Sergeant Tate's involvement in Jones' apprehension was minimal.  Sergeant Tate drove the vehicle, but from the record, it is not clear that he had any other contact with Jones.  Moreover, the ongoing investigation into Sergeant Tate's involvement in a police shooting does not appear to be relevant to Jones' case, which is about whether there was reasonable suspicion to stop Jones.  Thus, Jones fails to demonstrate that the suppressed evidence was so material to his case that it undermines confidence in the outcome. *See Kyles*, 514 U.S. at 434.  Further, the Government agreed it would turn over the grand jury testimony if Agent Armenteros testified, and the district court found this was proper.  Agent Armenteros did not testify, and thus, turning over such evidence was unnecessary.  In any event, it is unclear how grand jury testimony from an agent not involved in Jones' arrest would materially affect the outcome of his case.

## C.  ACCA

Jones asserts his Florida offense of resisting an officer with violence in which adjudication was withheld does not qualify as a predicate conviction for purposes of the Armed Career Criminal Act (ACCA) sentencing enhancement, and that as such, the application of the enhancement to his sentence violated his constitutional rights.

6

Under the ACCA, a defendant convicted of being a felon in possession of a firearm under § 922(g) who has three or more prior convictions for a "violent felony" faces a mandatory minimum 15-year sentence. 18 U.S.C. § 924(e)(1). Under § 921(a)(20), what constitutes a "conviction" for purposes of the ACCA is determined in accordance with the law of the state where the proceedings were held. 18 U.S.C. § 921(a)(20)(b). In *United States v. Santiago*, 601 F.3d 1241 (2010), at issue was whether a guilty plea followed by a sentence of probation and a withholding of adjudication in Florida was a "conviction" that qualified for the ACCA enhancement. *Id.* at 1244. We turned to the Florida habitual offender statute, which stated that "the placing of a person on probation . . . without an adjudication of guilt *shall be treated as a prior conviction*." *Id.* at 1245; Fla. Stat. § 775.084(2) (emphasis added). Thus, we held that a guilty plea followed by a sentence of probation and withholding of adjudication in Florida constituted a conviction for the purposes of the ACCA enhancement.[2] *Santiago*, 601 F.3d at 1245.

---

[2] Our decision in *United States v. Clarke*, 822 F.3d 1213 (2016), does not affect our holding in *Santiago*. In *Clarke*, we certified a question to the Florida Supreme Court regarding its treatment of a guilty plea for a felony with adjudication withheld for purposes of its felon in possession statute, Fla. Stat. § 790.23(1). *Clarke*, 922 F.3d at 1214. The Florida Supreme Court held that a guilty plea for a felony for which adjudication was withheld does not qualify as a conviction for purposes of its felon in possession statute. *Clarke v. United States*, 184 So. 3d 1107, 1108 (Fla. 2016). Based on the Florida Supreme Court's clear response, our court overruled our prior panel precedent in *United States v. Orellanes*, 809 F.2d 1526 (11th Cir. 1987), and *United States v. Grinkiewicz*, 873 F.2d 253 (11th Cir. 1989), holding a Florida guilty plea for a felony for which adjudication was withheld qualified as a conviction for purposes of

The district court did not err when it found that Jones qualified for the ACCA enhancement.[3]  *See United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006) (reviewing *de novo* whether a conviction is a violent felony for purposes of § 924(e)).  Pursuant to *Santiago*, because Florida law considers a guilty plea followed by a withholding of adjudication to be a conviction for purposes of sentencing enhancement for habitual felony offenders, the court did not err in finding a guilty plea for resisting an officer with violence followed by a withholding of adjudication was a conviction.  *Santiago*, 601 F.3d at 1244. Further, because a Florida offense for resisting an officer with violence is

---

the federal felon in possession statute, 18 U.S.C. § 922(g).  *See Clarke*, 922 F.3d at 1215. Importantly, in its decision, the Florida Supreme Court distinguished the state felon-in-possession statute which did not specifically provide that a guilty plea for which adjudication was withheld should count as a prior conviction, with Florida statutes that specifically provide that guilty pleas with adjudication withheld count as prior convictions.  *Clarke*, 184 So. 3d at 1113-14.  One of those statutes specifically mentioned was Fla. Stat. § 775.084, regarding a sentence enhancement for habitual felony offenders, which expressly treats probation or community control without an adjudication of guilt as a prior conviction.  *Id.* at 1113.  Section 775.084 is the statute we looked to as the closest state analog to the federal ACCA in *Santiago*. 601 F.3d at 1245.

[3]  Jones' due process argument also fails.  While he cites cases that stand for the proposition that the uniform application of federal laws across states is important, he does not cite any case law supporting a valid due process claim for disparate treatment under the ACCA. As such, Jones did not meet his burden on appeal of showing the court committed a constitutional violation by applying the sentence enhancement.  *See Gardner v. California*, 393 U.S. 367, 370 (1969) (providing the appellant generally has the burden of convincing the appellate court the district court committed an error).  Moreover, assuming that Jones is attempting to argue the ACCA's use of state law to determine what constitutes a "conviction" is unconstitutionally vague, the claim fails.  Although *Johnson* struck down the residual clause as unconstitutionally vague, it left the remaining portions of the ACCA undisturbed.  *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).  Because Jones' sentence enhancement did not rely on the residual clause, his sentence is not unconstitutional for vagueness.

8

categorically a "violent felony" under the ACCA's elements clause, such a conviction was properly considered to be a predicate offense for the § 924(e)(1) sentence enhancement. *See United States v. Hill*, 799 F.3d 1318, 1322–23 (11th Cir. 2015) (holding a conviction under Florida law for resisting an officer with violence categorically qualifies as a "violent felony" under the "elements clause" of the ACCA).

## II.  CONCLUSION

The district court did not err in denying Jones' motion to suppress, and the Government did not commit a reversible *Brady* violation by failing to turn over material regarding Sergeant Tate.  Additionally, Jones' Florida offense of resisting an officer with violence qualifies as a predicate conviction for the purposes of the ACCA where he pled guilty and adjudication was withheld.

**AFFIRMED.**