[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12557
Non-Argument Calendar

_____

D.C. Docket Nos. 6:15-cv-01517-ACC-DCI,
6:12-cr-00210-ACC-DAB-1

CURTIS LEE DALLAS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 16, 2018)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Curtis Dallas appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate sentence, in which he argued that his 2002 nolo contendere plea

to possession of cocaine with intent to deliver, which was followed by a two-year sentence of probation, does not qualify as a conviction of a serious drug offense under the Armed Career Criminal Act ("ACCA").  On appeal, he argues that his plea does not constitute an ACCA predicate offense because adjudication was withheld and the charge was reduced to a simple possession charge.  After careful review, we affirm.

In a proceeding on a motion to vacate, set aside, or correct sentence, the district court's factual findings are reviewed for clear error while legal issues are reviewed de novo.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). A prisoner in federal custody may file a motion to vacate, set aside, or correct sentence pursuant to § 2255, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  If a defendant fails to raise a claim on direct appeal, "he is barred from asserting it on motion for collateral relief unless he can show cause excusing his failure to raise the issue previously and actual prejudice resulting from the alleged error."  United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

Under the ACCA, any person who violates 18 U.S.C. § 922(g) and has at least three prior convictions from any court "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" receives a

2

mandatory minimum imprisonment sentence of 15 years. 18 U.S.C. § 924(e)(1).  A

"serious drug offense" is

> (i)    an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii)   an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law.

Id. § 924(e)(2)(A)(i)-(ii).

What constitutes a conviction for a serious drug offense under the ACCA is

"determined in accordance with the law of the jurisdiction in which the

proceedings were held."  See 18 U.S.C. § 921(a)(20); United States v. Santiago,

601 F.3d 1241, 1243 (11th Cir. 2010).  In Santiago, we addressed whether a guilty

plea followed by a sentence of probation and a withholding of adjudication for

possession of cocaine was a conviction for the purposes of sentence enhancement

under § 924(e) of the ACCA.  Id. at 1242, 1244.  We noted that the definition of

"conviction" under Florida law "is fluid and context specific."  Id. at 1244.  Thus,

because § 924(e) is an enhancement statute, we examined Florida law concerning

sentencing enhancements for habitual felony offenders.  Id. at 1244–45.  We noted

that Florida's habitual felony offender statute, which states that, "[f]or the purposes

of this section, the placing of a person on probation or community control without

3

an adjudication of guilt <u>shall be treated as a prior conviction</u>."   Fla. Stat. § 775.084(2) (emphasis added).   We concluded that "a guilty plea followed by a sentence of probation and a withholding of adjudication constitutes a conviction under Florida law for the purpose of enhancing a defendant's sentence pursuant to 18 U.S.C. § 924(e)." <u>Id</u>. at 1245.

In <u>United States v. Clarke</u>, 822 F.3d 1213 (11th Cir. 2016), we recently held that a guilty plea with adjudication withheld did not qualify as a "conviction" for the purposes of § 922(g). <u>Id</u>. at 1215.   We reasoned that since § 922(g)(1) is the federal felon-in-possession statute, <u>id</u>. at 1214, we would look to the Florida felon-in-possession statute, which prohibits a person from "own[ing] or [ ] hav[ing] in his or her care, custody, possession, or control any firearm . . . if that person has been . . . [c]onvicted of a felony in the courts of [Florida]." Fla. Stat. § 790.23(1). We then certified to the Florida Supreme Court whether a guilty plea with adjudication withheld constituted a conviction under the Florida statute, and it answered in the negative.   <u>Clarke v. United States</u>, 184 So. 3d 1107, 1116 (Fla. 2016).   Notably, the plea in <u>Clarke</u> did not involve any probationary period. <u>Clarke</u>, 822 F.3d at 1214.

<u>Clarke</u> does not speak directly to this case.   Not only did <u>Clarke</u> not involve a probationary period, but the relevant statute there, Florida's felon-in-possession-of-a-firearm statute, was silent on whether a withholding of adjudication qualified

4

as a "conviction" for the purposes the felon-in-possession statute. Clarke, 822 F.3d at 214 (addressing what constitutes a conviction under § 922(g), not § 924(e)); see also Santiago, 601 F.3d at 1243 (noting that what constitutes a conviction under Florida law is context-specific). Here, as in Santiago, the question is whether a plea constitutes a conviction for purposes of § 924(e), which is a sentence enhancement provision. See Santiago, 601 F.3d at 1244 (emphasizing that "[t]his case . . . does not present the question of whether Santiago was 'convicted' of the 2001 offense for the purpose of supporting a charge under 18 U.S.C. § 922(g)(1) -- i.e., for the purpose of determining whether Santiago is a convicted felon."). We therefore must look to Florida law concerning sentencing enhancements for habitual felony offenders. Santiago, 601 F.3d at 1244. Florida's habitual-felony-offender statute provides that "[f]or the purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction." Fla. Stat. § 775.084(2) (emphasis added). Thus, under Santiago, and the plain language of the Florida statute, a plea with adjudication withheld, followed by a sentence of probation, qualifies as a conviction under § 924(e). Santiago, 601 F.3d at 1242–47. Indeed, Clarke specifically cited Fla. Stat. § 775.084 as an example of an "express[] inclu[sion of] withheld adjudications within the definition of conviction . . . for purposes of" enhancing the sentence of habitual felony offenders. 184 So. 3d at 1113-14.

Further, the language of the Florida habitual-felony-offender statute, relied on in Santiago, indicates that any plea followed by a sentence to probation constitutes a conviction.    Santiago, 601 F.3d at 1245 (citing Fla. Stat. § 775.084(2)).  While Santiago involved a plea of guilt, and this case involves a nolo contendere plea, the Florida statute does not distinguish between the two for purposes of habitual felonies.    Rather, Florida courts have consistently treated guilty pleas and nolo contendere pleas the same in the habitual-felony context. See, e.g., Ashley v. State, 614 So. 2d 486, 489-90 (Fla. 1993) (laying out requirements "in order for a defendant to be habitualized following a guilty or nolo plea" (emphasis added)).

In short, because Dallas's 2002 nolo contendere plea was followed by a two-year probation sentence, the district court did not err in concluding that his plea qualified as a conviction of a serious drug offense under the ACCA.  As for Dallas's argument that his conviction was not a serious drug offense under the ACCA because it was for a reduced charge of simple possession with a maximum penalty of five years, we do not consider it.  As the record reflects, the conviction was listed as an ACCA predicate offense in his pre-sentence investigation report, yet Dallas failed to raise this argument on his direct appeal even though he had the opportunity to do so.  Nyhuis, 211 F.3d at 1344.  And he has made no showing of cause or prejudice to excuse his default.

6

**AFFIRMED**.