PER CURIAM.
In March 1990, Louis Leal entered a plea of nolo contendere to an aggravated battery charge. In accordance with a negotiated plea agreement, the court approved a sentence consisting of one year probation, the payment of $380 in restitution, and costs of supervision.
In November 1990, an affidavit of violation of probation was filed alleging that Leal failed to make the required payments for restitution and costs. After Leal entered a plea of denial to the charge of violation of probation, the hearing date was reset to allow him an extra sixty days to make the required payments. No payments were made.
In February 1991, Leal, the probation officer, and the State agreed that the probation should be unsuccessfully terminated. Accordingly, the probation was terminated and a civil judgment was entered against Leal for the $380 owed as restitution. Although it was not part of the agreement, the trial court adjudicated Leal guilty of the felony charge.
In this appeal, Leal challenges the adjudication. We agree that it cannot stand because it was not a term of the plea agreement. Stranigan v. State, 457 So.2d 546, 547 (Fla. 2d DCA 1984); Overman v. State, 368 So.2d 434 (Fla. 3d DCA 1979).
We reverse the judgment of conviction and remand with instructions to either strike the adjudication or to vacate the order on the unsuccessful termination and allow Leal to present a defense to the allegations of a technical violation of probation.
Reversed and remanded.