CAMPBELL, Judge.
Appellant, State of Florida, challenges the order of the trial court granting appellee’s, Michael T. Lach, motion to suppress evidence of appellee’s prior felony conviction. We reverse.
Appellee was charged with violating section 790.23, Florida Statutes (1991), by being in felonious possession of a firearm having previously been convicted and adjudicated guilty of a felony. Appellee’s vehicle was initially stopped by a police officer for having excessive auxiliary lights in violation of chapter 316, Florida Statutes. As the officer approached appellee, appellee advised he was in possession of a suspended driver’s license. Appellee was then arrested for driving with a suspended license, and a subsequent search of his vehicle revealed a .45 caliber semiautomatic pistol behind the center console. A subsequent records search indicated that appellee had been convicted of grand theft and dealing in stolen property in Pinellas County on April 20, 1988, and that his civil rights had not been restored.
Appellee filed a motion to suppress the evidence of his prior conviction alleging that on April 20, 1988, he pled guilty to a charge of violation of probation in Pinellas County Court without being adequately advised as to the nature and consequences of his plea. The thrust of appellee’s motion indicates that the plea colloquy was incomplete and, as a result, appellee did not know at the time of his arrest for felonious possession of a firearm that he had been previously adjudicated guilty at the time he pled to the violation of probation.
In support of this, appellee’s motion indicates that at the time of his arrest on the instant charge, appellee told the officers involved that his perception was that he had not been convicted of a crime and that he felt that he had merely been placed on probation and adjudication withheld. We conclude that the record does not support appellee’s position.
The record of the November 11, 1988 change of plea hearing reveals that the trial judge explained the constitutional rights ap-pellee was waiving. Appellee was present at the change of plea hearing and was represented by private counsel. Appellee’s plea and resulting disposition was a negotiated plea. The assistant state attorney, in the presence of appellee and his counsel, explained the negotiated disposition to the trial judge as follows:
*697 Judge, it mil be an adjudication with five years probation, condition of restitution within two years....
Judge, in addition, another condition of this probation will be a suspended prison term of jive years in the Department of Corrections, and Mr. Cox will affirm that that has been the agreement for a change of plea with your approval.
(Emphasis supplied.) Appellee’s counsel then acknowledged as follows: “And at this time, Your Honor, my client would withdraw his previously tendered plea of not guilty and enter a plea of guilty to the charge, with the understanding of disposition as previously set forth by Mr. Corsmeier [Assistant State Attorney].” The trial judge then placed appel-lee under oath and had the following colloquy with him:
THE COURT: How old are you today?
THE DEFENDANT: Twenty-four years old.
THE COURT: And what is the highest level you achieved in school?
THE DEFENDANT: Excuse me?
THE COURT: Your highest level in school?
THE DEFENDANT: I went to the 11th grade.
THE COURT: Are you presently under the influence of any drugs, prescription medicine, or alcohol?
THE DEFENDANT: No, sir.
THE COURT: Do you understand that you’re entitled to a trial — this is a violation of probation — that you’re entitled to an evidentiary hearing in order to determine whether or not you violated the terms of your probation. And when you admit that you have, that means that you’re waiving your right to an evidentiary hearing?
THE DEFENDANT: Yes, sir.
THE COURT: If we held that eviden-tiary hearing, you’d be entitled to be represented by your attorney, Mr. Cox; you’d be entitled to summon and produce witnesses to testify on your own behalf; you’d have the right to cross-examine witnesses who would be called by the State, and you would also have a right to remain silent, and the Court would require the State to prove you violated the terms of your probation. Any errors committed during the course of that hearing, you do have the right to take an appeal.
When you enter into this change of plea and admit you violated your probation, you’re waiving all these rights I’ve just outlined for your benefit. Do you understand all that?
THE DEFENDANT: Yes, sir.
THE COURT: And with that understanding in mind, do you still wish to admit you violated your probation?
THE DEFENDANT: I do.
THE COURT: Have you been coerced or forced in any way to work out this change of plea?
THE DEFENDANT: No, sir.
THE COURT: Are you satisfied with the legal services and advice that you have received from your attorney, Mr. Cox?
THE DEFENDANT: I am.
THE COURT: The Court at this time finds that — based on the affidavit charging you with the violation of probation by your probation officer and also the fact that you’ve admitted that you violated your probation, the Court will enter a finding to that effect.
The Court also finds that you’re an intelligent man; that you fully understand the legal consequences and legal significance of your tender of the plea to that — of admitting you violated the terms of your probation.
The Court further finds you entered into this change of plea knowingly, freely and voluntarily, and it’s based on the benefit of your — the advice of your attorney, Mr. Cox. The Court finds Mr. Cox is a very competent lawyer and is well-trained in criminal procedures.
The plea, having been entered into freely and voluntarily, will be accepted by the Court.
Any legal causes shown why sentencing cannot be imposed at this time?
THE DEFENDANT: None, Your Hon- or.
*698 THE COURT: The Court at this time will sentence you, Michael Timothy Lach, on each of these counts — on each of the felony counts for a period of five years in the Department of Corrections. There is a possession of marijuana, which will be a misdemeanor count. It would normally be required to sentence you to probably time served on that one if you were going to the Department of Corrections; however, since you are not, I’m going to be suspending that sentence and placing you instead on a period of five years of probation on each of these counts to be run on a concurrent basis. On the marijuana count, I sentence you to a concurrent one year period of probation. I’m going to adjudicate you guilty on all counts....
(Emphasis supplied.)
The violation of probation plea form indicates the disposition as follows: “a/g 5 yrs prob. 5 yrs. DOC SUSP, 1,000 fine, cc, PD lien, move to calif, and transfer prob.” (R 34). That same document also indicates:
I hereby certify that as counsel for the defendant, I discussed this case with my client and explained the rights, defenses and evidence relating to it with him. I do believe that the defendant understands this plea form, his rights and the consequences of his plea, and that he is entering this plea freely, voluntarily and knowingly.
On August 30, 1993, appellee’s motion to suppress was heard. The court characterized the issue in appellee’s motion as whether there should be suppression of the earlier conviction based upon appellee’s belief that because the colloquy at the probation violation hearing was not sufficient, appellee was unaware that he had been convicted of a felony. A transcript of the change of plea and certified copies of the actual judgment and sentence revoking probation and adjudicating appellee guilty were introduced.
Appellee testified in his own behalf and stated that on April 20,1988, he appeared for a hearing on the violation of probation. He identified his signature on the plea form and recalled signing it. He said he was given the form to sign while at the podium and did not have a chance to read it. He also said he did not discuss it with his lawyer or go over the form before court. Appellee stated that he did not realize that the plea bargain in his case included an adjudication and that his understanding of the plea was that his probation was wiped out and that he would be starting the entire period of probation over. He admitted that after this, he had occasion to carry a firearm in his vehicle, but would not have done so if he knew he had been convicted of a felony. When asked on cross examination if he could state specifically if anyone told him that he would be getting a withhold of adjudication or whether that was just his perception, he stated that it was only his perception. The trial judge granted ap-pellee’s motion to suppress.
We conclude that the order suppressing appellee’s prior felony conviction was erroneously based on appellee’s self-serving statement that he was unaware he had previously been convicted of a felony, and believed that he had received a withhold of adjudication. The transcript of his change of plea on the violation of probation indicates plainly that the judge clearly advised him, “I am going to adjudicate you guilty on all counts.” If appellee understood the concept of “a withhold,” he certainly understood what an adjudication was.
The trial court covered the essential aspects of Florida Rule of Criminal Procedure 3.172 in advising appellee of the consequences of his plea. A defendant need not be advised of every collateral consequence of a plea either by court or counsel, including whether or not he may possess a gun, before pleading to a charge which would give him a felony conviction. Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992); Polk v. State, 405 So.2d 758 (Fla. 3d DCA 1981).
Since the state provided the documents to establish that the conviction was valid, it was appellee’s burden to go forward to show otherwise. Appellee did not present the testimony of his private trial counsel.
We conclude that appellee has not demonstrated that his plea was unknowingly and involuntarily made because he was not made aware of his adjudication of guilt. The trial judge’s pronouncement and the records of the judgment of guilt are clear. While appel- *699 lee relies upon State v. Davis, 203 So.2d 160 (Fla.1967), as support for his use of a motion to suppress to attack the validity of the prior judgment, we have serious concern whether Davis contemplates a collateral attack such as appellee’s on a judgment based upon an involuntary plea. That is an issue usually raised by a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Nevertheless, we do not decide this case upon that basis. We merely conclude that appellee failed to carry his burden upon his motion to suppress.
In doing so, we would also observe that in the prior ease which is relied upon for appellee’s previous felony convictions, the trial judge actually sentenced appellee to a prison term, suspended the sentence and placed appellee on probation. A formal judgment of guilt is essential to support a subsequent sentence or suspension of imposition of sentence accompanied by probation. See Shargaa v. State, 102 So.2d 809 (Fla.), cert. denied, 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104 (1958).
Reversed and remanded.
FRANK, C.J., and FULMER, J., concur.