.UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael J. DRAYTON, Defendant–
Appellant.

No. 96–2378
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 30, 1997.

---

Public Defender's Office, Joel T. Remland, Tampa. FL, James T. Skuthan, Federal Public Defender, Orlando, FL, for Defendant–Appellant.

Tamra Phipps, Susan H. Rothstein, Asst. U.S. Attys., Tampa, FL, for Plaintiff–Appellee.

ON PETITION FOR REHEARING AND
SUGGESTION OF REHEARING
EN BANC

Before BIRCH and CARNES, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Michael J. Drayton was convicted of possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). The district court found that he was an Armed Career Criminal, pursuant to the definition set forth in 18 U.S.C. § 924(e), and sentenced him accordingly. 18 U.S.C. § 924(e) mandates a minimum prison term of fifteen years for those *convicted* under 18 U.S.C. § 922(g), who also have three previous convictions for a "violent felony" or serious drug offense.

In an unpublished opinion based on settled law we rejected Drayton's argument that two of the four convictions upon which the Armed Career Criminal finding was based were not for a "violent felony."

In his Petition for Rehearing, Drayton cites our recent decision in *United States v. Willis*, 106 F.3d 966 (11th Cir.1997), which holds that a *nolo contendere* plea is not a conviction under Florida law. Drayton argues that in two of the prior cases he pled *nolo contendere*, so that, under *Willis*, they could not be counted as prior convictions for Armed Career Criminal purposes.

In *Willis*, however, there was a plea of *nolo contendere*, standing alone, which did not constitute a conviction. Florida procedure permits the trial court to withhold adjudication of guilt on a plea of *nolo contendere*, generally subject to the conditions of probation. *See, e.g., Stephens v. State*, 630 So.2d 1090 (Fla.1994). The holding in *Willis* would not control a plea of *nolo contendere* followed with an adjudication of guilt, a procedure also permitted the trial court under Florida law. *See Parker v. State*, 500 So.2d 721 (Fla.2d D.C.A.1987); Fla. Stat. § 948.06(1).

The Government correctly argues in its response to the Petition for Rehearing

that, although neither the Florida Supreme Court nor this Court has yet held that a Florida *nolo contendere* plea *with* an adjudication of guilt is a conviction, such a holding is indicated by *Willis* itself, and *Castillo v. State*, 590 So.2d 458 (Fla.3d D.C.A.1991). *See also United States v. Gispert*, 864 F.Supp. 1193 (S.D.Fla.1994); *United States v. Lester*, 785 F.Supp. 976 (S.D.Fla.1991). In *Willis,* we held that Willis had not been "convicted" of a felony under Florida law because he "pleaded nolo contendere ... *and adjudication of guilt was withheld.*" 106 F.3d at 969. We therefore hold that a *nolo contendere* plea where adjudication is not withheld or where there is subsequently an adjudication of guilt is a conviction under Florida law which satisfies the requirement of the Armed Career Criminal statute.

Drayton's Presentence Investigation Report does not indicate whether adjudication of guilt was withheld at the time he entered his *nolo contendere* plea in the two cases argued. The report does show that in both cases, however, he violated probation, probation was revoked, and he was sentenced to two years imprisonment in one case, and fifteen months imprisonment in the other. Section 948.06, Florida Statutes, directs that upon the revocation of probation, the state court must adjudge the defendant guilty of the underlying offense. While some Florida decisions indicate that sentencing and adjudication of guilt may, nonetheless, be controlled by a plea agreement even where the probation contemplated by that agreement has been revoked due to the defendant's violation, *see Leal v. State*, 595 So.2d 274 (Fla.3d D.C.A.1992); *Brown v. State*, 463 So.2d 1230 (Fla. 1st D.C.A.1985), no such agreement has been suggested in this case. Further, Drayton's prison sentences upon revocation could not have been imposed absent an adjudication. *Finch v. Mayo*, 137 Fla. 762, 189 So. 27 (1939); *State v. Lach*, 651 So.2d 695, 699 (Fla.2d D.C.A.), *rev. denied*, 659 So.2d 1087 (1995); *see also Shargaa v. State*, 102 So.2d 809, 812 (Fla.), *cert. denied*, 358 U.S. 873, 79 S.Ct. 114, 3 L.Ed.2d 104 (1958). Since Drayton was adjudged guilty of the offenses charged, they are convictions for Armed Career Criminal purposes and the holding in *Willis* is of no benefit to him.

The Petition for Rehearing is denied, and no member of this panel nor other Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal rules of Appellate Procedure; Eleventh Circuit Rule 3505), the Suggestion of Rehearing En Banc is DENIED.