[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12082

_____

D.C. Docket No. 3:17-cr-00063-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARREN L. LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 11, 2019)

Before MARCUS and HULL, Circuit Judges, and WRIGHT,* District Judge.

PER CURIAM:

_____

* Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, sitting by designation.

After pleading guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), Darren Lee appeals his 180-month sentence.  At sentencing, the district court found that Lee was an armed career criminal under the Armed Career Criminal Act ("ACCA") due, in part, to his prior Florida convictions for aggravated battery and felony battery.  On appeal, Lee argues that the district court erred in determining that his Florida convictions based on nolo contendere pleas qualified as violent felonies under the ACCA.  After review, and with the benefit of oral argument, we affirm Lee's sentence.

## I.  BACKGROUND FACTS

### A.    Offense Conduct and Guilty Plea

In October 2016, law enforcement officers responded to a hotel room in Pensacola, Florida, because the occupants refused to vacate the room.  The hotel room was registered to Lee.  After the officers removed Lee and others from the hotel room, officers found a .22 caliber pistol in the hotel room microwave.  The pistol was swabbed for DNA and the major contributor of DNA on the pistol was consistent with Lee's DNA.

In June 2017, a federal grand jury indicted Lee on one count of being a felon in possession of a firearm.  The indictment listed several prior Florida felony convictions, including one for delivery or sale of a controlled substance, one

2

aggravated battery conviction, and two felony battery convictions.  In August 2017, Lee pled guilty to the charge pursuant to a written plea agreement.

## B.        Presentence Investigation Report

The probation officer's presentence investigation report ("PSI") assigned Lee a base offense level of 24, pursuant to U.S.S.G. § 2K2.1(a)(2), because Lee possessed a firearm after sustaining at least two felony convictions for crimes of violence or controlled substance offenses.[1]  The probation officer designated Lee as an armed career criminal under the ACCA based on his Florida convictions for: (1) delivery or sale of a controlled substance in 2001; (2) aggravated battery in 2001; and (3) felony battery in 2015.[2]

As a result of Lee's ACCA status, the PSI increased Lee's offense level to 33, pursuant to U.S.S.G. § 4B1.4(b)(3)(B).  The PSI then applied a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E.1.1(a) and (b), making Lee's total offense level 30.

Regardless of his ACCA status, Lee's criminal history category was VI based on his criminal history score of 20 points.  With a total offense level of 30

---

[1]The probation officer prepared the PSI using the 2016 United States Sentencing Guidelines Manual.

[2]The PSI also designated a fourth conviction for Florida felony battery in 2015 to support Lee's armed career criminal designation, but the district court declined to include this conviction in its ACCA analysis.  As this conviction is not necessary for Lee's armed career criminal designation, we do not address this fourth conviction.

and a criminal history category of VI, Lee's initial advisory guidelines range was 168 to 210 months' imprisonment.  However, because Lee was subject to the ACCA's fifteen-year mandatory minimum, the low-end of the advisory guidelines range increased from 168 to 180, yielding a final advisory guidelines range of 180 to 210 months.

## C.    ACCA Predicate Offenses

The government provided certified copies of the state court judgments, informations, sentence recommendations, and arrest reports as to Lee's prior Florida convictions for aggravated battery in 2001 and felony battery in 2015.

As to Lee's prior Florida conviction for aggravated battery, the state court judgment stated that Lee pled nolo contendere to aggravated battery by battery on a pregnant person on May 8, 2001.  The charges in the information for this aggravated battery conviction stated that "Lee, on or about February 21, 2001, at and in Escambia County, Florida, did unlawfully commit a battery upon [the victim] by actually and intentionally touching or striking [the victim] against her will, or by intentionally causing bodily harm to the [victim]," and at the time of the battery "[the victim] was pregnant and Darren Lee knew or should have known that [the victim] was pregnant," in violation of Fla. Stat. § 784.045(1)(b).

The sentence recommendation for Lee's aggravated battery conviction was signed by both Lee and his attorney and stated that: (1) Lee pled guilty as charged;

4

(2) Lee's arrest report was "incorporated by reference and agreed to by the defendant as a factual basis for the plea"; and (3) Lee certified that he understood that "the sentencing court is incorporating by reference this complete plea agreement as part of the sentencing order imposed by the court."

The arrest report for Lee's aggravated battery conviction included an offense narrative from the responding law enforcement officer. The arrest report stated that, when the officer was on vehicle patrol, he observed the victim "lying on the ground" at a road intersection. He then approached the victim, who was vomiting. The victim advised the officer that "she was six months pregnant and that her boyfriend had beat her up. [The victim] said that she and her boyfriend were arguing in the hotel room when Lee pushed her off the bed, onto the floor. Lee then struck and pushed on [the victim] several more times in the room." The altercation then moved outside into the hotel's parking lot where Lee "continued to strike and cuss at [the victim]." The victim advised the officer that Lee was the father of the child she was carrying. The victim was taken to the hospital. Lee had left the area on foot and was later arrested.

As to Lee's prior Florida conviction for felony battery in 2015, the state court judgment stated that Lee pled nolo contendere to felony battery, under Fla. Stat. § 784.03(2), on December 11, 2015. The charges in the information for this felony battery conviction stated that "Lee, on or about August 3, 2015, at and in

Escambia County, Florida, having been previously convicted of battery . . ., did unlawfully commit battery upon [the victim], by actually and intentionally touching or striking [the victim] against her will, or by intentionally causing bodily harm to [the victim], in violation of Sections 784.03(1) and (2), Florida Statutes."

The sentence recommendation for Lee's felony battery conviction was signed by both Lee and his attorney and stated that: (1) Lee pled nolo contendere; (2) Lee's arrest report was "incorporated by reference and agreed to by the defendant as a factual basis for this plea"; and (3) Lee certified that he understood that "the sentencing [c]ourt is incorporating by reference this complete [s]entence [r]ecommendation as part of the judgment imposed by the [c]ourt."

The arrest report for Lee's felony battery conviction included an offense narrative from the responding law enforcement officer. The report stated that the officer arrived at the victim's apartment and the victim was crying and upset. The victim told the officer that, earlier that morning, she was sitting on her couch and Lee, with whom she has two children, came into the room and asked her for his money, and they began to argue. The victim stated that Lee got on top of her while she was on the couch and began pulling her hair. The victim began screaming for help. After the victim began to scream, "Lee pried open the side of her mouth with his fingers and told her to be quiet." The victim stated that "while []Lee pried her mouth, it cause[d] small tears in the corner of her lips." Lee and the victim rolled

6

onto the living room floor and then the victim ran to the bathroom. The victim advised the officer that "Lee got on top of her from behind and started hitting her in the back and once in the head." The victim fled to her bedroom and told Lee she was contacting the police. Lee then fled the residence. The victim also stated that her two-year-old son woke up during the incident and saw the altercation taking place.

When speaking with the victim, the officer "observed small cuts on the corner portion on the inside of her lips." The officer also observed blood on the victim's shirt and the couch cushions. Lee was arrested three days later.

## D.    Objections

Lee objected to the PSI's application of the ACCA, arguing that his prior Florida convictions for aggravated battery and felony battery did not qualify as violent felonies under the ACCA. Assuming the Florida battery statute, Fla. Stat. § 784.03(1)(a), is divisible, Lee contended that: (1) the government's Shepard[3] documents, particularly the arrest reports, did not show that he was convicted of a violent felony; (2) in contrast to a guilty plea, a nolo contendere plea under Florida law does not constitute an admission to the facts offered as the factual basis of the plea, even if incorporated into the sentence recommendation; and (3) Shepard applies only to guilty pleas, not to nolo contendere pleas, to establish whether a

---

[3]Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005).

prior conviction is a qualifying offense.  He also questioned whether the arrest reports were valid Shepard documents.

The government responded that the Shepard documents showed that Lee's prior Florida convictions for aggravated battery and felony battery qualified as violent felonies, and that the arrest reports were valid Shepard documents because they were incorporated into the sentence recommendations.

## E.    Sentencing

At Lee's June 2018 sentencing, the district court overruled Lee's objections, concluding that he qualified as an armed career criminal under the ACCA.  The district court stated that it would address the ACCA issue in further detail in a written order following Lee's sentencing.  The district court noted that Lee had a prior Florida conviction for the delivery or sale of a controlled substance, which constituted a serious drug offense.

The district court stated that Lee's prior Florida aggravated battery and felony battery convictions were both predicated on the underlying substantive offense of simple battery under Fla. Stat. § 784.03.  The district court explained that under the Supreme Court's decision in Curtis Johnson v. United States ("Curtis Johnson"), 559 U.S. 133, 130 S. Ct. 1265 (2010), Florida's battery statute, Fla. Stat. § 784.03, does not categorically qualify as a violent felony, and thus, the district court had to determine whether Fla. Stat. § 784.03 is divisible.  The district

8

court found that Fla. Stat. § 784.03 was divisible into two elements: "touch or strike battery" under § 784.03(1)(a)(1) and "bodily harm battery" under § 784.03(1)(a)(2). Because the district court found Fla. Stat. § 784.03 to be divisible, the district court applied the modified categorical approach to determine what crime and elements formed the basis of Lee's prior Florida aggravated battery and felony battery convictions.

With respect to Lee's prior Florida aggravated battery conviction, the district court found that the Shepard documents reflected that the victim, who was six months pregnant, was found lying on the ground vomiting after Lee had beat her up by pushing her down and repeatedly striking her. The district court found that these facts in the arrest report, to which Lee assented in his plea agreement, established that Lee was necessarily convicted on the basis of bodily harm battery on a pregnant person.

With respect to Lee's prior Florida felony battery conviction, the district court found that the Shepard documents reflected that Lee pulled the victim's hair, hit her repeatedly, and pried open the side of her mouth, which caused bleeding and visible cuts and tears in the corners of her lips. The district court found that these facts in the arrest report also established that Lee was necessarily convicted on the basis of bodily harm battery.

9

The district court addressed and rejected Lee's objections that the district court could not consider the arrest reports associated with his prior Florida aggravated battery and felony battery convictions because the pleas were <u>nolo contendere</u>, and that the <u>nolo contendere</u> pleas themselves did not establish anything about which type of Florida battery formed the basis of Lee's convictions. The district court determined that criminal convictions based on <u>nolo contendere</u> pleas are valid for ACCA predicate offense purposes, as <u>nolo contendere</u> pleas are treated the same as any other conviction for purposes of federal sentencing. The district court found that the incorporated police arrest reports were valid <u>Shepard</u> documents because Lee assented to the facts in the police reports as the factual basis to support his convictions.

After rejecting Lee's objections and finding that Lee's two prior convictions were based on bodily harm battery, the district court then determined whether bodily harm battery has as an element the use, attempted use, or threatened use of physical force. The district court concluded that bodily harm battery necessarily contains an element of physical force because it requires the defendant to intentionally inflict physical pain or injury on another person. Therefore, the district court determined that Florida bodily harm battery under Fla. Stat. § 784.03(1)(a)(2) qualifies as a violent felony under the ACCA.

10

Because Lee's two battery and one drug convictions were qualifying predicates, the district court concluded Lee was subject to the ACCA. As a result, the district court found that Lee's advisory guidelines range was 180 to 210 months. After hearing from the parties and adopting the PSI, the district court imposed a 180-month sentence.

After sentencing, the district court entered a written order memorializing and further explaining its reasoning for classifying Lee as an armed career criminal. Notably, the district court explained that the arrest reports for Lee's prior Florida aggravated battery and felony battery convictions were valid Shepard documents because Lee explicitly agreed to incorporate the contents of the arrest reports into the state court judgments, even though standing alone the arrest reports would not have been valid Shepard documents. The district court stated that the fact that the Shepard documents could also support a conviction for touch or strike battery under Fla. Stat. § 784.03(1)(a)(1) did not disqualify Lee's aggravated battery and felony battery convictions from serving as ACCA predicate offenses because the Shepard documents allowed the district court itself to find that Lee was convicted of a violent felony—bodily harm battery under Fla. Stat. § 784.03(1)(a)(2).

## II.  GENERAL PRINCIPLES

A defendant who violates 18 U.S.C. § 922(g) and has three or more previous convictions for a violent felony or serious drug offense is subject to an enhanced

11

sentence under the ACCA.  See 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4.[4]  The

ACCA defines a violent felony as any crime punishable by a term of imprisonment

exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B)(i), (ii).  The first prong of this definition is referred to as

the "elements clause," while the second prong contains the "enumerated crimes"

clause and, finally, the "residual clause."  See United States v. Owens, 672 F.3d

966, 968 (11th Cir. 2012).  In 2015, the Supreme Court struck down as

unconstitutionally vague the residual clause, but did not call into question the

ACCA's elements and enumerated crimes clauses.  See Johnson v. United States,

576 U.S. ___, ___, 135 S. Ct. 2551, 2563 (2015).

In determining whether a prior conviction qualifies as a violent felony under

the ACCA, sentencing courts look at "the elements of the crime, not the underlying

facts of the conduct that led to the conviction."  United States v. Braun, 801 F.3d

1301, 1304 (11th Cir. 2015).  In other words, all that matters are "the elements of

---

[4]This Court reviews de novo whether an offense qualifies as a violent felony under the ACCA.  United States v. Lockett, 810 F.3d 1262, 1265-66 (11th Cir. 2016).

the statute of conviction." Taylor v. United States, 495 U.S. 575, 601, 110 S. Ct. 2143, 2159 (1990).

When a statute "'comprises multiple, alternative versions of a crime'"—that is, when a statute is "divisible"—the court "must determine which version of the crime the defendant was convicted of," then determine whether that specific offense qualifies as an ACCA predicate. Braun, 801 F.3d at 1304 (quoting Descamps v. United States, 570 U.S. 254, 262, 133 S. Ct. 2276, 2284 (2013)). A statute is divisible if it sets out one or more elements of the offense in the alternative, thereby defining multiple crimes, and indivisible if it contains a single set of elements. Descamps, 570 U.S. at 257, 261-64, 133 S. Ct. at 2281, 2284-85.

If the statute is divisible, then the sentencing court may consult a limited class of documents to determine which alternative element formed the basis of the prior conviction. Id. at 257, 133 S. Ct. at 2281. That class of documents, known as Shepard documents, may include the charging document, any plea agreement submitted to the court, the transcript of the plea colloquy, or any "record of comparable findings of fact adopted by the defendant upon entering the plea." Shepard, 544 U.S. at 20, 125 S. Ct. at 1259-60. Guilty pleas may establish ACCA predicate offenses. Id. at 19, 125 S. Ct. at 1259.

In this Court's recent decision in United States v. Gandy, this Court concluded that "an arrest report that is incorporated by reference in a plea

13

agreement qualifies as a 'record of comparable findings of fact adopted by the defendant upon entering the plea'" that this Court may consider under the modified categorical approach. 917 F.3d 1333, 1340 (11th Cir. 2019) (quoting Shepard, 544 U.S. at 20, 125 S. Ct. at 1259-60).

### III.  LEE'S CLAIMS

On appeal, Lee does not challenge the district court's reliance on his conviction for delivery or sale of a controlled substance, focusing solely on his two prior Florida convictions for aggravated battery and felony battery.

### A.    Nolo Contendere Pleas

As an initial matter, Lee argues that Shepard applies only to guilty pleas and does not authorize the application of the modified categorical approach to nolo contendere pleas. Lee contends that the district court erred in applying the modified categorical approach to determine that his prior battery convictions, to which he pled nolo contendere, qualified as violent felonies under the ACCA. Also, Lee argues, inter alia, that his nolo contendere pleas and assent to the incorporated arrest records do not operate as admissions to the facts contained in them and thus cannot establish that he was convicted of bodily harm battery.

Lee's arguments about nolo contendere pleas are foreclosed by this Court's recent decision in Gandy. See Gandy, 917 F.3d at 1341-42. This Court explained in Gandy that we treat Florida nolo convictions no differently than convictions

14

based on guilty pleas or verdicts of guilt for purposes of the Sentencing Guidelines. Id. at 1342; see also United States v. Drayton, 113 F.3d 1191, 1193 (11th Cir. 1997) (holding that a Florida nolo conviction constitutes a prior conviction for purposes of the ACCA).

Also, in Gandy, the defendant argued that, although he agreed to the arrest report as the factual basis for his plea, he only agreed to the arrest report's factual allegations, not any statements that his offense was for bodily harm battery. Gandy, 917 F.3d at 1341. This Court concluded that "because Gandy agreed to the arrest report as the factual basis of his plea without qualification, he agreed with the statements describing his offense as bodily-harm battery and that he necessarily pleaded nolo contendere to that offense." Id.

Further, this Court in Gandy rejected the defendant's argument that this Court could not rely on the factual basis in the state arrest report because, absent a plea colloquy, this Court could not determine either that the state court found a factual basis to support the nolo contendere plea or that it specifically relied on the factual basis as stated in the arrest report. Id. at 1342. This Court concluded that the absence of a plea colloquy in state court does not bar this Court from considering other Shepard documents to determine the elements of the defendant's conviction. Id.

15

Having concluded we may consider the admitted facts in Lee's <u>nolo</u> <u>contendere</u> pleas as valid <u>Shepard</u> documents, we apply the modified categorical approach to determine the type of battery underlying Lee's aggravated battery and felony battery convictions.

## B.    Aggravated Battery

At the time Lee was convicted of aggravated battery, Florida law defined aggravated battery as:

> (1)(a) A person commits aggravated battery who, in committing battery:
>
> > 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
> >
> > 2. Uses a deadly weapon.
>
> (b) A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.

Fla. Stat. § 784.045(1).

The <u>Shepard</u> documents tell us, and Lee does not dispute, that he was convicted of aggravated battery by battery of a pregnant person under Fla. Stat. § 784.045(1)(b).  The victim was six months pregnant and Lee does not dispute that he knew or should have known that the victim was pregnant.  <u>See</u> Fla. Stat. § 784.045(1)(b).  Thus, the question here is what type of battery did Lee inflict on the pregnant victim.

16

The Florida battery statute provided, at the relevant time, that:

The offense of battery occurs when a person:

> 1.  Actually and intentionally touches or strikes another person against the will of the other; or
>
> 2.  Intentionally causes bodily harm to another person.

Fla. Stat. § 784.03(1)(a).  The parties do not dispute, and we agree, that subsection (2) of Fla. Stat. § 784.03(1)(a) is divisible from the rest of the statute and that battery by "intentionally causing bodily harm" is a separate element of the battery offense.  See Gandy, 917 F.3d at 1339; United States v. Vereen, 920 F.3d 1300, 1314 (11th Cir. 2019); Braun, 801 F.3d at 1305; United States v. Diaz-Calderone, 716 F.3d 1345, 1347 (11th Cir. 2013).[5]

Further, in Gandy, this Court held that Florida battery by "intentionally causing bodily harm" categorically constitutes a crime of violence under the Sentencing Guidelines.  917 F.3d at 1339-40.  We explained that the government must establish two elements to prove bodily harm battery: "the defendant caused bodily harm to another person, and he did so intentionally."  Id. at 1340; see Fla. Stat. § 784.03(1)(a)(2).  This Court also determined that the definition of bodily harm under Florida law satisfies Curtis Johnson's definition of violent force—

---

[5]Because we can determine that Lee was necessarily convicted of battery by "intentionally causing bodily harm" under Fla. Stat. § 784.03(1)(a)(2), we need not, and therefore do not, address whether battery by "touching or striking" under Fla. Stat. § 784.03(1)(a)(1) is further divisible or whether Lee's convictions would qualify as "striking" battery.

"force capable of causing physical pain or injury to another person." Gandy, 917 F.3d at 1340; see Curtis Johnson, 559 U.S. at 140, 143, 130 S. Ct. at 1271-72. The Gandy Court further concluded that a defendant convicted of bodily harm battery must have intentionally used such violent force, and thus, bodily harm battery necessarily constitutes a crime of violence. Gandy, 917 F.3d at 1340.

In Gandy, this Court then looked to the Shepard documents for the defendant's battery conviction to determine whether he was convicted of bodily harm battery. Id. at 1340-41. The charging document, the judgment, and Gandy's sentence recommendation did not identify which type of battery offense Gandy was convicted of committing. Id. at 1340. However, Gandy's incorporated arrest report identified his offense as bodily harm battery. Id. Because Gandy agreed to the arrest report as the factual basis of his plea, this Court determined that Gandy had agreed with the statements describing his offense as bodily harm battery. Id. at 1341. In Gandy's case, the Shepard documents—the arrest report—showed that Gandy was necessarily convicted of bodily harm battery. Id. at 1340-41.[6]

Similarly in Vereen, this Court concluded that the record necessarily showed the defendant was convicted of bodily harm battery under Fla. Stat.

---

[6]We recognize Gandy is a Sentencing Guidelines case, but we apply a similar analysis in deciding whether a given offense qualifies as a crime of violence under the Sentencing Guidelines or a violent felony under the ACCA because "the definitions for both terms are virtually identical." United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010) (internal quotations omitted).

18

§ 784.03(1)(a)(2).  920 F.3d at 1315.  The defendant Vereen argued, in relevant part, that his prior Florida felony battery conviction did not constitute a violent felony under the ACCA.  Id. at 1314.  Like in Gandy, this Court explained that the district court was permitted to look to Shepard documents to determine which of the alternative elements of the Florida battery statute, Fla. Stat. § 784.03, Vereen was convicted of violating.  Id.

In Vereen, the prosecutor provided the factual basis for Vereen's felony battery charge during his plea colloquy.  Id. at 1314-15.  "[T]he prosecutor detailed that Vereen had falsely imprisoned a woman he was in a domestic relationship with for nine to ten hours, during which time he 'repeatedly hit and struck' her." Id.  The prosecutor also added that the police had "observed injuries on [the victim] consistent with the batteries that had been reported."  Id. (emphasis added).

After reviewing these and other Shepard documents, this Court in Vereen concluded that the defendant Vereen was convicted of a form of Florida battery that is a violent felony—the bodily harm prong under Fla. Stat. § 784.03(1)(a)(2). Id. at 1315.  This Court determined that "Vereen's conviction under Florida's battery statute, requiring a use of force that 'intentionally cause[s] bodily harm,' qualifies as a violent felony under the elements clause, because force that in fact causes this level of harm 'necessarily constitutes force that is capable of causing pain or injury.'"  Id. at 1315-16 (quoting United States v. Vail-Bailon, 868 F.3d

19

1293, 1303 (11th Cir. 2017) (en banc)). Therefore, Vereen's prior felony battery conviction qualified as an ACCA predicate offense. Id. at 1316.

Turning back to Lee's 2001 aggravated battery conviction, the arrest report incorporated into the plea agreement included an offense narrative from the responding law enforcement officer. The arrest report stated, in relevant part, that, when the officer was on vehicle patrol, he observed the victim "lying on the ground" at a road intersection. He then approached the victim, who was vomiting. The victim advised the officer that "she was six months pregnant and that her boyfriend had beat her up. [The victim] said that she and her boyfriend were arguing in the hotel room when Lee pushed her off the bed, onto the floor. Lee then struck and pushed on [the victim] several more times in the room." The altercation then moved outside into the hotel's parking lot where Lee "continued to strike and cuss at [the victim]." The victim was taken to the hospital.

The arrest report shows that Lee was convicted of bodily harm battery. Of particular note, the victim was six months pregnant, lying on the ground, vomiting, and was taken to the hospital. The victim recounted that she was struck not once but "several more times" in the hotel room and that Lee continued to strike her in the parking lot. She was not just struck once or twice. Rather, she was a "beat up" pregnant woman vomiting.

A finding by the state court that the offense was committed violently is not

required when we are able to make that determination based on the available Shepard documents.  See Diaz-Calderone, 716 F.3d at 1350-51.  A battery offense where the officer finds the female victim is six months pregnant, vomiting, beat up, lying on the ground at a road intersection, and taken to the hospital plainly shows bodily harm.  That the victim needed immediate medical attention at a hospital from the repeated batteries further supports the district court's finding of a bodily harm battery.  Under Florida law, these allegations are plainly sufficient for a charge of intentionally causing bodily harm.  See, e.g., Gordon v. State, 126 So. 3d 292, 295-96 & n.4 (Fla. Dist. Ct. App. 2011) (holding that striking an individual with a belt and causing bruising established intentional bodily harm).  Lee has given us no reason to think that this case would have been prosecuted as just a simple touching-or-striking battery, and so, given the violent nature of the facts alleged, we are confident that Lee was convicted of the bodily harm form of battery.  See Vereen, 920 F.3d at 1315.

Because Lee agreed to the arrest report as the factual basis of his plea, he agreed with its description of his offense and the victim's physical condition, which as explained above reveals that his offense constituted a bodily harm battery.  Thus, Lee necessarily was convicted of bodily harm battery under Fla. Stat. § 784.03(1)(a)(2).  See Gandy, 917 F.3d at 1340-41.

21

## C.    Felony Battery

For Lee's 2015 felony battery conviction, we analyze the same Florida battery statute, Fla. Stat. § 784.03(1)(a), as outlined above.  The Florida battery statute provides that "[a] person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree[.]"  Fla. Stat. § 784.03(2).

The arrest report incorporated into the plea agreement for Lee's felony battery conviction included an offense narrative from the responding law enforcement officer.  The arrest report stated, in relevant part, that the officer arrived at the victim's apartment and the victim was crying and upset.  The victim told the officer that, earlier that morning, she was sitting on her couch and Lee asked her for his money, and they began to argue.  The victim stated that Lee got on top of her while she was on the couch and began pulling her hair.  The victim began screaming for help.  After the victim began to scream, "Lee pried open the side of her mouth with his fingers and told her to be quiet."  The victim stated that "while []Lee pried her mouth, it cause[d] small tears in the corner of her lips."  The victim advised the officer that "Lee got on top of her from behind and started hitting her in the back and once in the head."  When speaking with the victim, the officer "observed small cuts on the corner portion on the inside of her lips."  The officer also observed blood on the victim's shirt and the couch cushions.

22

The arrest report shows that Lee was convicted of bodily harm battery. Similar to Vereen, the officer observed injuries to the victim of Lee's felony battery that were consistent with the reported battery. See Vereen, 920 F.3d at 1315. Notably, Lee caused small tears in the corner of the victim's lips and hit her in the back and head. The officer saw the cuts on the corners of the victim's lips and blood on the victim's shirt and on the couch cushions. Cuts and blood plainly show bodily harm to the victim.

Because Lee agreed to the arrest report as the factual basis of his plea, he agreed with its description of his offense and the victim's physical condition, which as explained above reveals that his offense constituted a bodily harm battery. Thus, Lee necessarily was convicted of bodily harm battery under Fla. Stat. § 784.03(1)(a)(2). See Gandy, 917 F.3d at 1340-41.

## IV. CONCLUSION

For these reasons, the district court did not err in concluding that Lee's convictions for aggravated battery and felony battery qualified as violent felonies under the ACCA's elements clause. Accordingly, we affirm Lee's ACCA-enhanced 180-month sentence.

**AFFIRMED.**

23