[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15076
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cr-00010-JDW-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE LEE LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 28, 2020)

Before MARTIN, ROSENBAUM, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

Willie Lee Lewis appeals his 120-months sentence imposed for his conviction

of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1)

and 924(e)(1).  He argues that his prior cocaine-related convictions do not qualify as serious drug offenses under § 924(e) of the Armed Career Criminal Act ("ACCA"), and that, therefore, the district court erred by enhancing his sentence under the ACCA.  For the following reasons, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Lewis was charged with and pled guilty to unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  In preparation of Lewis's sentencing, a probation officer prepared a presentence investigation report ("PSI") stating, in relevant part, that Lewis (1) was convicted in 1990 on three counts of selling cocaine, in violation of Florida Statutes §§ 893.03(2)(a)(4) and 893.13(1)(a)(1), (2) was convicted in 1995 for possession of cocaine with intent to sell, in violation of Florida Statutes §§ 893.03(2)(a)(4) and 893.13(1)(a)(1), and (3) was convicted in 2013 for trafficking in 28 to 200 grams of cocaine, in violation of Florida Statutes §§ 893.135(1)(b) and 893.03(2)(a)(4).  As to the 1990 conviction, the PSI noted that the three counts pertained to three separate drug transactions on different dates and were therefore "committed on different occasions" for purposes of the ACCA.

As a result of his 2013 trafficking conviction, the PSI assigned Lewis a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A).  Based on his four cocaine-related convictions in 1990 and 1995, the PSI recommended a sentence enhancement

2

under the ACCA.  After applying other adjustments, the PSI assigned Lewis a total offense level of 30 and a criminal history category of IV, resulting in a guideline range of 135 to 168 months' imprisonment.  But because §§ 922(g)(1) and 924(e) carry a fifteen-year mandatory minimum sentence, his guideline range was converted to 180 months of imprisonment.  The PSI also noted that the district court could depart from the sentencing range because Lewis provided substantial assistance to the government under U.S.S.G. § 5K1.1.

Lewis objected to the PSI and argued that a sentence enhancement under the ACCA was improper because his convictions did not qualify as "serious drug offense[s]" under § 924(e)(2)(A).  According to Lewis, without the ACCA enhancement, he should have been assigned a base offense level of 17 and a guideline range of 37 to 46 months' imprisonment.

At the sentencing hearing, Lewis repeated his arguments regarding the applicability of the sentencing enhancement.  And relevant to this appeal, Lewis also raised for the first time an objection to the PSI's finding that his 1990 conviction counted as three separate offenses for purposes of the ACCA's requirement of "three previous convictions."  Lewis contended that, because the three counts underlying the 1990 conviction pertain to monitored sales of cocaine to the same undercover law enforcement officer, they are the product of "sentencing manipulation" and should not be considered separate convictions.

3

The district court overruled Lewis's objections regarding the ACCA enhancement and found that his 1990, 1995, and 2013 convictions, totaling five offenses, each count as a "serious drug offense" under the ACCA. As to Lewis's argument that his 1990 conviction should be treated as one offense, the district court found that Lewis waived that objection by failing to raise it according to the procedures for objecting to the PSI and, in any event, the objection lacked merit. The district court further noted that even treating Lewis's 1990 conviction as a single offense would not change the outcome because, with the 1995 and 2013 convictions, Lewis would still be subject to three predicate offenses for purposes of the ACCA. Based on the foregoing and the parties' requested downward departure for Lewis's substantial assistance, the district court sentenced Lewis to 120 months' of imprisonment and five years of supervised release. This appeal followed.

## II. STANDARD OF REVIEW

We review *de novo* whether a defendant's prior conviction qualifies as a serious drug offense under the ACCA. *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017). We also review *de novo* "whether prior offenses meet the ACCA's different-occasions requirement." *Id.* However, when a defendant fails to object to findings in a PSI in accordance with Federal Rule of Criminal Procedure 32 and the district court does not excuse the noncompliance, our review is limited to

4

a plain error analysis. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 591–92 (11th Cir. 2014).

## III.    ANALYSIS

Lewis raises several arguments on appeal. First, he argues that his 1990 conviction for selling cocaine and his 1995 conviction for possessing with the intent to sell or deliver cocaine, all in violation of Florida Statutes §§ 893.03(2)(a) and 893.13(1)(a)(1), are not serious drug offenses as defined under the ACCA because they either occurred more than fifteen years ago or resulted in less than a year of imprisonment. Second, Lewis claims that his 1990 conviction should not be counted as three separate offenses because, under Florida law, they were the product of sentencing manipulation and his underlying *nolo contendere* plea does not constitute a conviction.

### A.    Whether Lewis's 1990 and 1995 Convictions Qualify as ACCA Predicate Offenses

Lewis argues that because he completed the prison sentences associated with his 1990 and 1995 convictions over fifteen years before he was arrested in this case and because his 1995 conviction resulted in less than twelve months of incarceration, his 1990 and 1995 convictions should not count as predicate offenses under the ACCA. We disagree.

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person who has been convicted of a crime punishable by a term of imprisonment exceeding one year to

possess a firearm. Any person who knowingly violates § 922(g) may be punished by up to ten years in prison. *Id.* § 924(a)(2). But if a person violates § 922(g) and has three prior convictions for a "violent felony or a serious drug offense," the ACCA mandates a fifteen-year minimum sentence. *Id.* § 924(e)(1). Of relevance here, the term "serious drug offense" is defined as:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

*Id.* § 924(e)(2)(A)(ii). Significantly, there is no temporal limitation on predicate convictions for ACCA purposes, as the text of § 924(e) "bases the enhanced penalty on three prior violent felony [or serious drug] convictions, without qualification." *United States v. Green*, 904 F.2d 654, 655 (11th Cir. 1990).

Despite the clear language of § 924(e)(2)(A), Lewis asserts that the definition of "serious drug offense" was modified by section 401 of the First Step Act of 2018 ("First Step Act"), Pub. L. 115-391, § 401, 132 Stat. 5194, 5220–21, to include requirements that "the offender served a term of imprisonment of more than 12 months" and "the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." We find this argument without merit. By its plain language, the First Step Act does not amend the definition of "serious drug offense" under § 924(e)(2)(A) or otherwise modify the ACCA. *See*

6

*id.* Instead, the text that Lewis relies upon amends only section 102 of the Controlled Substances Act, 21 U.S.C. § 802, by adding to that act a definition for "serious drug felony" as follows:

> (57) The term "serious drug felony" means an offense described in section 924(e)(2) of title 18, United States Code, for which—
>
> > (A) the offender served a term of imprisonment of more than 12 months; and
> >
> > (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

First Step Act § 401(a)(1). As such, the First Step Act merely created a new term for the Controlled Substances Act by borrowing the definition of "serious drug offense" from the ACCA and adding some additional qualifiers to it. Nowhere does the First Step Act suggest a modification to the text of § 924(e)(2) itself.

Based on the plain and unambiguous language of the First Step Act and of § 924(e)(2)(A), we reject Lewis's argument and we decline to address Lewis's interpretation issues based on the "cross-referencing" of the Controlled Substances Act and the ACCA. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) ("Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240 (1989))). The ACCA does not impose a temporal requirement on

7

predicate offenses or require that the predicate offenses result in at least twelve months' imprisonment.

Additionally, applying the plain language of § 924(e)(2)(A)(ii) to Lewis's 1990 and 1995 convictions here, we find that each conviction constitutes a "serious drug offense." Each conviction was based on violations of Florida Statutes §§ 893.13(1)(a)(1) and 893.03(2)(a). Section 893.13(1)(a)(1) provides that a person who sells, manufactures, delivers, or possesses with intent to sell, manufacture, or deliver a controlled substance—including cocaine—commits a felony in the second degree punishable under Florida Statutes § 775.082. In turn, section 775.082(d) provides that such a second-degree felony is punishable "by a term of imprisonment not exceeding 15 years." And cocaine falls within the definition of a "controlled substance" of the Controlled Substances Act. *See* 21 U.S.C. §§ 802(6), 812(c)(Schedule II)(a)(4). The district court therefore did not err by finding that Lewis's 1990 and 1995 convictions qualify as predicate offenses under the ACCA.

### B.    Whether Lewis's 1990 Conviction Counts as Three Separate ACCA Predicate Offenses

We next consider Lewis's argument that his 1990 conviction should not be treated as three separate offenses for purposes of the ACCA because he pled *nolo contendere* to those charges and because they result from sentencing manipulation. We review this issue for plain error because, as Lewis concedes, he failed to timely raise this argument and the district court did not excuse his noncompliance with Rule

8

32.  *See Aguilar-Ibarra*, 740 F.3d at 591–92.  "Plain error occurs 'if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the "fairness, integrity, or public reputation of judicial proceedings."'"  *Longoria*, 874 F.3d at 1281 (quoting *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010)).

As discussed above, the ACCA enhances the sentence of a defendant convicted under § 922(g) if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  To determine whether the prior convictions were "committed on occasions different from one another," courts must look to the timing and circumstances of each conviction.  *See Longoria*, 874 F.3d at 1281–82 (quoting § 924(e)(1)).  To satisfy the "different-occasions requirement," the convictions "must have arisen from 'separate and distinct criminal episode[s]' and be for 'crimes that are temporally distinct.'"  *Id.* (alteration in original) (quoting *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010)).  "Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small."  *United States v. Pope*, 132 F.3d 684, 690 (11th Cir. 1998).

Here, as to Lewis's argument that he pleaded *nolo contendere* to the three 1990 charges for selling cocaine, that plea still resulted in an adjudication of guilt by the Florida court.  And under our precedent, pleas—including *nolo contendere*

9

pleas—that result in adjudications of guilt constitute convictions for purposes of the ACCA. *United States v. Drayton*, 113 F.3d 1191, 1193 (11th Cir. 1997) ("We therefore hold that a *nolo contendere* plea where adjudication is not withheld or where there is subsequently an adjudication of guilt is a conviction under Florida law which satisfies the requirement of the Armed Career Criminal statute."); *accord United States v. Gandy*, 917 F.3d 1333, 1342 (11th Cir. 2019) ("[W]e have repeatedly explained that we treat Florida *nolo* convictions no differently than convictions based on guilty pleas or verdicts of guilt for purposes of the Sentencing Guidelines."). While Lewis argues that a *nolo contendere* plea is not a confession of guilt but instead a consent to be convicted and punished, his argument misses the point. The Florida court *adjudicated him guilty* and sentenced him based on his plea. As such, for purposes of sentencing, his conviction is no different from a conviction resulting from a guilty plea or guilty verdict.[1] *See Drayton*, 113 F.3d at 1193. We find no error—and therefore no plain error—in the district court's treatment of the 1990 conviction as predicate offenses under the ACCA.

---

[1] Indeed, in *Drayton*, we emphasized that the critical factor in determining whether a *nolo contendere* plea can be counted as a conviction is whether the Florida court entered or withheld an adjudication of guilt following the plea. *See* 113 F.3d at 1193. We distinguished *United States v. Willis*, 106 F.3d 966 (11th Cir. 1997), because in *Willis*, the Florida court withheld an adjudication of guilt following the *nolo contendere* plea, thereby making the plea insufficient to establish a conviction for purposes of a § 922(g)(1) violation. *See Drayton*, 113 F.3d at 1192–93; *cf. United States v. Santiago*, 601 F.3d 1241, 1245–47 (11th Cir. 2010) (holding that a guilty plea followed by a sentence and a withholding of adjudication constitutes a conviction under Florida law for purposes of the ACCA).

Turning to Lewis's argument about the number of offenses resulting from his 1990 conviction, we note that each charge was based on separate cocaine transactions. Per the charging document, count one relates to a sale of cocaine on September 18, 1990, count two relates to a sale of cocaine on September 14, 1990, and count three relates to a sale of cocaine on August 31, 1990. Because each count relates to a separate, successive act that was temporally distinct from the others, the three charges constitute separate, predicate offenses for purposes of the ACCA. *See Longoria*, 874 F.3d at 1281.

Lewis does not contest these facts nor ask us to ignore them. Instead, he argues that, because each sale of cocaine was to the same confidential source monitored by the same law enforcement official and based on the same "buyer-seller relationship," the resulting convictions should not be counted separately. Lewis notes that Florida courts are permitted to vary downward in sentencing defendants if they find "sentence manipulation," i.e., when it is shown that law enforcement continued sting operations against a defendant solely to enhance the defendant's sentence. *See, e.g.*, *State v. Steadman*, 827 So. 2d 1022, 1024–25 (Fla. Dist. Ct. App. 2002). While, arguably, the Florida court in 1990 could have reduced Lewis's sentence upon a finding of sentence manipulation, this does not change the fact that Lewis was charged with, and then adjudicated guilty of, three separate offenses and that no such finding of sentence manipulation or resulting downward departure was

11

made.    And Lewis provides no authority suggesting that a Florida doctrine

permitting discretionary sentence reductions overrides our precedent construing the

ACCA, and we have found none.  *See United States v. Braun*, 801 F.3d 1301, 1303

(11th Cir. 2015) ("We are bound by federal law when we interpret terms in the

ACCA, and we are bound by state law when we interpret the elements of state-law

crimes."). We therefore reject his argument based on sentence manipulation and find

that the district court did not err—plainly or otherwise—in counting Lewis's 1990

conviction as three separate predicate offenses for purposes of the ACCA.

## IV.   CONCLUSION

Because Lewis's 1990 and 1995 convictions constituted four separate

predicate offenses under the ACCA, the district court did not err in applying the

sentence enhancement under the ACCA.[2]  We therefore affirm the district court's

judgment and Lewis's sentence.

**AFFIRMED.**

---

[2] Lewis's final argument is that his 2013 conviction for cocaine trafficking under Florida Statutes § 893.135 should not qualify as a "serious drug offense" under the ACCA.  This remains an open question in this Circuit.  *See United States v. Conage*, No. 17-13975, 2020 WL 5814501, at *2 (11th Cir. Sept. 30, 2020).  But because his 1990 and 1995 convictions total four predicate offenses with sufficient temporal distinction under the ACCA, we need not address this final argument as the ACCA requires only three predicate offenses to warrant imposition of the sentence enhancement.  *See* 18 U.S.C. § 924(e)(1) (requiring "three previous convictions . . . for a violent felony or a serious drug offense").  Whether his 2013 conviction is a predicate offense is therefore immaterial to the present appeal, and we decline to address it here.